THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MOTION MANAGEMENT ORDER** |
| Plaintiff, | District Judge David Nuffer (sitting under designation from the Tenth Circuit Court of Appeals on Motions to Dismiss Indictment and Disqualify United States Attorney) |
| v. | |
| JULIAN GUNTHER, | |
| Defendant. | Case No. 1:25-cr-03366-JB |
| PEDRO ISMAEL CHAVEZ-CHAVEZ, | |
| Defendant. | Case No. 1:25-cr-03365-KWR |
| RYAN NOLAN KEE, | |
| Defendant. | Case No. 1:25-cr-03356-KG |
| JOSHUA BLACK, | |
| Defendant. | Case No. 1:25-cr-03354-MLG |
| JOSE MAGANA GARCIA, | |
| Defendant. | Case No. 1:25-cr-03549-JB |
| JACOB EZEKIEL MARTINEZ, | |
| Defendant. | Case No. 2:25-cr-03253-SMD |
| EDISON BRADY, | |
| Defendant. | Case No. 1:24-cr-01105-MLG |
| RAFAEL RAMIREZ-MARTINEZ, | |
| Defendant. | Case No. 1:22-cr-01721-KWR |

In each of these cases, the defendant has filed a motion raising the same or similar issues (collectively, "Motions").[1] The principal issues are legal and identical. To avoid inconsistent rulings, and to most effectively and efficiently render a determination on the defendants' Motions, the Motions are referred to a single District Court Judge.[2] It is also necessary and proper to consolidate and coordinate the Motions' briefing and resolution.[3] Therefore,

IT IS HEREBY ORDERED that the following protocols and briefing schedule will apply to the defendants' Motions in each of these cases:

(1) Due to the similarity of issues in each of the defendants' Motions, all papers filed on these Motions after this date must be identical. This will necessitate cooperation between defense counsel.

---

[1] Motion to Dismiss Indictment and Disqualify United States Attorney, EFC no. 16 in *United States v. Gunther*, 1:25-cr-03366-JB (D. N.M.), filed Sept. 15, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 19 in *United States v. Chavez-Chavez*, 1:25-cr-03365-KWR (D. N.M.), filed Sept. 17, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 19 in *United States v. Kee*, 1:25-cv-03356-KG (D. N.M.), filed Sept. 16, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Black*, 1:25-cr-03354-MLG (D. N.M.), filed Sept. 10, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Garcia*, 1:25-cr-03549-JB (D. N.M.), filed Sept. 12, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Martinez*, 2:25-cr-03253-SMD (D. N.M.), filed Sept. 10, 2025; Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 100 in *United States v. Brady*, 1:24-cr-01105-MLG (D. N.M.), filed Sept. 16, 2025; Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 111 in *United States v. Ramirez-Martinez*, 1:22-cr-01721-KWR (D. N.M.), filed Sept. 17, 2025.

[2] Order of Reassignment, ECF no. 28 in *United States v. Gunther*, 1:25-cr-03366-JB (D. N.M.), filed Sept. 24, 2025; Order of Reassignment, ECF no. 22 in *United States v. Chavez-Chavez*, 1:25-cr-03365-KWR (D. N.M.), filed Sept. 24, 2025; Order of Reassignment, ECF no. 23 in *United States v. Kee*, 1:25-cv-03356-KG (D. N.M.), filed Sept. 24, 2025; Order of Reassignment, ECF no. 24 in *United States v. Black*, 1:25-cr-03354-MLG (D. N.M.), filed Sept. 24, 2025; Order of Reassignment, ECF no. 30 in *United States v. Garcia*, 1:25-cr-03549-JB (D. N.M.), filed Sept. 24, 2025; Order of Reassignment, ECF no. 24 in *United States v. Martinez*, 2:25-cr-03253-SMD (D. N.M.), filed Sept. 24, 2025; Order of Reassignment, ECF no. 107 in *United States v. Brady*, 1:24-cr-01105-MLG (D. N.M.), filed Sept. 24, 2025; Order of Reassignment, ECF no. 116 in *United States v. Ramirez-Martinez*, 1:22-cr-01721-KWR (D. N.M.), filed Sept. 24, 2025.

[3] *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[I]t is well settled that the district court has the power . . . to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants.") (internal quotations omitted).

(2) When necessary in the view of counsel, a separate supplemental memorandum may be filed in a case identifying facts, issues, or arguments distinctive to the defendant in that case.

(3) Courtesy copies of each filed document, with the PDF document header, must be emailed to dj.nuffer@utd.uscourts.gov.

(4) The government's response to the Motions must be filed in each case by no later than Tuesday October 14, 2025.

(5) The defendants' reply brief, if any, must be filed in each case by no later than Friday October 24, 2025.

(6) Oral argument on the defendants' Motions may be set at a future date.

(7) By no later than Friday October 24, 2025, the parties must also file in each case a memorandum, not exceeding eight pages in length, addressing whether disposition of the defendants' Motions these cases should be stayed pending resolution of the appeal in *United States v. Giraud et al.*, No. 25-2635 (3d Cir.). The memoranda in each case should be identical, but if necessary, counsel may file a supplemental memorandum identifying facts, issues, or arguments distinctive to the defendant in that case.

(8) Requests for modification of or deviation from these protocols and this briefing schedule must be made by motion.

Signed September 24, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge