IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

VS.                                                            No. 25-CR-3366 JB

JULIAN GUNTHER,

    Defendant.

### ORDER GRANTING RELEASE PENDING SENTENCING

**THIS MATTER** came before the Court on Defendant's *Motion to Continue Release Pending Sentencing*. Doc. 58. The United States does not oppose. The Court accepted the Defendant's plea and found him guilty, and as further established at a hearing, **GRANTED** the Defendant's motion pursuant to 18 U.S.C. § 3143(a), in consideration of 18 U.S.C. § 3145(c). This order memorializes that oral decision.

    Mr. Gunther has been compliant with the conditions of his release, presently residing at the La Pasada Halfway House. He has demonstrated that, while under supervision, he does not pose a risk of flight or a danger to the community. Furthermore, the facts that Defendant has successfully complied with his pre-trial supervision, combined with an absence of any criminal history and a strong incentive to comply (or risk significantly increasing his sentencing exposure), strongly suggest that he doesn't pose a danger to the community or a flight risk.

    Further, exceptional reasons exist for Defendant's continued release pending his sentencing hearing. First. Mr. Gunther's Plea Agreement calls for running his federal sentence concurrently with a sentence he will receive in a pending state court matter. *See* Doc. 60, ¶ 23(b), at 10. The parties explained at plea hearing their intent that primary federal jurisdiction, which currently is in place, remains in effect throughout Mr. Gunther's proceedings. Primary

federal jurisdiction will ensure that Mr. Gunther be allowed to serve his sentence in federal custody, and will be able to satisfy a state sentence at the same time. Were the Court to remand Mr. Gunther into the custody of the United States Marshal pending federal sentencing, the state authorities would be forced to seek and obtain Mr. Gunther's custody by writ, have him plead guilty and then sentenced in state court, and then returned to federal custody to complete his federal sentencing proceedings. While this process is seemingly straight-forward, the undersigned can envision procedural mishaps that might possibly be construed (by the Bureau of Prisons, for example) that could void primary federal jurisdiction. The Court agrees with counsel that the potential complications associated with ensuring that state and federal sentences run concurrently are real enough to constitute exceptional. And given the lack of opposition by the Government—indeed, the Government *agrees* here to Mr. Gunther's release pending sentencing—the Court will find there are exceptional reasons in this case that justify Mr. Gunther's continued release.

Certain cases present exceptional reasons and justify a convicted defendant's continued release, and the Court determines this is one of those cases. Therefore, the Court concludes that although the mandatory detention provision of 18 U.S.C. § 3143(a)(2) applies, exceptional reasons also demonstrate that such detention is not appropriate in this case. *See* 18 U.S.C. § 3145(c).

IT IS THEREFORE ORDERED that Defendant's motion for release pending sentencing is GRANTED, and the same conditions of release previously imposed are hereby continued.

_____
HON. JOHN F. ROBBENHAAR
United States Magistrate Judge